IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

Case Number:

SREAM, INC. a California Corporation,

        Plaintiff,

v.

REDFISH GAS AND GO, INC., a Louisiana Corporation,

        Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

The Plaintiff, SREAM, INC., (hereinafter referred to as "SREAM"), by and through its undersigned counsel, hereby files this, its Complaint against the Defendant, REDFISH GAS AND GO, INC., a Louisiana Corporation, (hereinafter referred to as "REDFISH GAS AND GO"), and alleges, as follows:

### Jurisdictional Allegations

1.    This is a civil action against REDFISH GAS AND GO for trademark counterfeiting, trademark infringement, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq.*).

2.    This Court has subject matter jurisdiction over the claims in this action that relate to trademark counterfeiting and infringement, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a). Also, this Court has subject matter jurisdiction over the claims for unfair competition asserted in this action pursuant to 28 U.S.C. § 1338(b).

3. This Court has personal jurisdiction over REDFISH GAS AND GO because REDFISH GAS AND GO is incorporated in, and has its principal place of business in Louisiana, and REDFISH GAS AND GO regularly conducts and solicits business in the State of Louisiana (including in this Judicial District), and REDFISH GAS AND GO's wrongful conduct occurred in this Judicial District.

### Venue

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) in that REDFISH GAS AND GO resides in this district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and REDFISH GAS AND GO is subject to personal jurisdiction in this Judicial District with respect to this action, and there is no other district in which the action may otherwise be brought.

### Parties

5. Sream, Inc., is a corporation that is incorporated in California and has its principal place of business at 12869 Temescal Canyon Road, Suite A, Corona, California, 92883. Sream is the exclusive U.S. licensee authorized to use the trademark "RooR," and has been granted authority by the trademarks' owner to police and enforce the RooR trademarks within the United States.

6. REDFISH GAS AND GO is a corporation that is incorporated in Louisiana, and has its principal place of business at 3605 Pontchartrain Drive, Slidell, LA 70458. Upon information and belief, REDFISH GAS AND GO has engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit RooR branded water pipes and related parts.

### Facts Common to All Counts

A. The History of The RooR Brand.

7.      Martin Birzle is an award-winning designer and manufacturer of smokers' products. Headquartered in Germany since 1995, Mr. Birzle markets and sells his products using the trademark "RooR." Mr. Birzle's RooR branded products, such as borosilicate jointed-glass water pipes, parts, and accessories related thereto, are widely recognized internationally and are highly renowned for their ornate and innovative characteristics.  Indeed, Mr. Birzle and the RooR brand he created constitute one of the leading companies in the industry, and have gained numerous awards and recognition for its innovative products and designs.

8.      For nearly two decades, Mr. Birzle has worked to distinguish the RooR brand as the premiere manufacturer of glass water pipes by emphasizing the brand's unwavering use of quality materials, and focus on scientific principles which facilitate a superior smoking experience.  RooR brand products embody a painstaking attention to detail, which is evident in many facets of authentic RooR brand products.  It is precisely because of the unyielding quest for quality and unsurpassed innovation that RooR brand products have a significant following and appreciation amongst consumers internationally, and in the United States.

9.      As a result of Mr. Birzle's continuous and extensive use of the trademark "RooR" to identify his products, Mr. Birzle owns valid and subsisting federal statutory and common law rights to the RooR trademark.  Martin Birzle is the owner of United States trademarks which are registered on the Principal Register and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. The following is a list of Mr. Birzle's federally registered and common law trademarks:

   a.   U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with goods further identified in registration in international class 034.

b.      U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international classes 025 and 034.

c.      U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international class 021.

d.      Common law and unregistered state law rights in the following variants of the registered "RooR" trademarks:



(hereinafter collectively the "RooR Marks"). See attached USPTO registrations attached hereto as Exhibit "A."

B. <u>The RooR Brand in the United States</u>.

10.     Sream is a California corporation that has manufactured glass products and various smokers' articles, including water pipes, for nearly a decade. Additionally, since 2013, Sream has been the exclusive licensee for the RooR Marks within the United States.

11.     Pursuant to a licensing agreement (herein after the "Agreement"), with Mr. Birzle (hereinafter the "Licensor"), Sream Inc., has used the RooR Marks in commerce throughout the United States continuously since 2013 in connection with the manufacturing of smokers' products.  See Licensing Agreement attached hereto as Exhibit "B."

12. Under the Agreement, Sream also advertises, markets, and distributes water pipes, parts and accessories related thereto and other smokers' articles in association with the RooR Marks. All of these activities are conducted in accordance with the highest standards and policies established by the Licensor to control the quality of the RooR Brand.

13. Also pursuant to the Agreement, Sream has been granted all rights to sue to obtain damages and injunctive relief for past and future infringement of the RooR Marks in the United States (hereinafter the "Enforcement Rights"). The Agreement provides that the Enforcement Rights granted to Sream under the Agreement are tantamount to those of an assignee, as contemplated by trademark law. The Agreement also appoints Sream as the Licensor's legal representative to police and enforce all rights in the RooR Marks within the United States. See Licensing Agreement attached hereto as Exhibit "B."

14. The RooR Marks are distinctive to both the consuming public and the Plaintiff's trade. Sream's RooR branded products are made from superior materials – glass that is nearly unbreakable – and are hand-blown by individual artists. The superiority of RooR branded products is not only readily apparent to consumers, who yearn for the RooR brand's higher quality glass in the marketplace, but to industry professionals as well. The unique style and functional superiority of the RooR brand has earned it accolades in leading trade magazines and online publications and has made the RooR Marks synonymous with quality products.

15. Since 2013, Sream has worked in conjunction with the Licensor to build significant goodwill in the RooR brand in the United States. Together, they have spent substantial time, money and effort in developing consumer recognition and awareness of the RooR brand via point of purchase materials and displays, through its website, by attending industry trade shows, and through social media promotion. A wide array of websites, magazines,

and specialty shops include advertising of RooR brand products, which are immediately identifiable.

16. Sream sells its products under the RooR Marks to its authorized distributors in the United States, including in Louisiana. Sream has over one thousand authorized distributors nationwide which consist of retail stores specializing in smokers' products. As such, Sream's products reach a vast array of consumers ranging from the most sophisticated tobacco connoisseurs to novice tobacco smokers.

17. It is because of the recognized quality and innovation associated with the RooR Marks that consumers are willing to pay higher prices for genuine RooR brand products. For example, a RooR brand 45 cm water pipe retails for $300 or more, while a non-RooR brand product of equivalent size will usually sell for less than $100. As such, sales of Sream's products bearing the RooR Marks in the United States have been in excess of five million dollars ($5,000,000) over the last three years.

18. It is exactly because of the higher sale value of RooR branded products that makes them a target of counterfeiters. These unscrupulous people and entities tarnish the RooR brand by unlawfully selling water pipes that have identical, or nearly identical, versions of the RooR Marks affixed to products that are made with inferior materials and technology. Thereby leading to illegitimate profits by store owners, such as REDFISH GAS AND GO. In essence, REDFISH GAS AND GO misleads consumers by selling them low grade products that free ride on the goodwill of the RooR brand, and in turn, REDFISH GAS AND GO reaps ill-gotten profits. REDFISH GAS AND GO's conduct contributes to the complete flooding of the marketplace with counterfeit products, which results in lost sales to Sream and irreparable harm to the RooR brand's image.

19. In order to combat the harm caused by REDFISH GAS AND GO and others engaging in similar conduct, Sream has expended significant monetary resources in connection with trademark enforcement efforts. The recent flooding of the marketplace with counterfeits – like those REDFISH GAS AND GO sells – has created an environment that requires Sream to file a large number of lawsuits in order to protect both consumers and itself from the ill effects of confusion, and the erosion of the goodwill associated with the RooR brand.

### REDFISH GAS AND GO's Counterfeiting and Infringing Activities

20. REDFISH GAS AND GO is, without the consent of Sream or the Licensor, promoting, advertising, distributing, selling, and/or offering for sale goods in commerce using counterfeits and confusingly similar imitations of the RooR Marks (hereinafter the "**Counterfeit Good(s)**"), through their retail store. Specifically, REDFISH GAS AND GO is using identical, or substantially similar, copies of the RooR Marks on different quality goods.

21. In its ongoing investigation of sales of counterfeit products bearing the RooR Marks, on August 24, 2016, Sream's investigator purchased a glass water pipe with a RooR Mark affixed to it, from REDFISH GAS AND GO, for a cost of $25.23, charged to the account of the Sream's investigator.

22. After purchase, the physical unit was inspected to determine its authenticity. The inspection of the purchased item confirmed that the water pipe REDFISH GAS AND GO sold to Sream's investigator was a Counterfeit Good. A true and correct copy of a picture of the Counterfeit Good purchased from REDFISH GAS AND GO and its corresponding purchase receipt is attached hereto as Exhibit "C."

23. Upon information and belief, REDFISH GAS AND GO's use of the RooR Marks include importing, advertising, displaying, distributing, selling, and/or offering for sale

unauthorized copies of RooR branded products.  REDFISH GAS AND GO's offering to sell and/or selling, Counterfeit Goods in this manner has, and is likely to, cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods.

24.     Upon information and belief, REDFISH GAS AND GO began offering Counterfeit Goods long after the Licensor obtained the trademark registrations and common law trademark rights alleged above, and after Sream's license and subsequent adoption and use of the RooR Marks.  Neither Sream nor any authorized agents have consented to REDFISH GAS AND GO's use of the RooR Marks, or any use of reproductions, counterfeits, copies and/or colorable imitations thereof.

25.     REDFISH GAS AND GO's use of the RooR Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without the consent of Sream or the Licensor.

26.     REDFISH GAS AND GO used images and names identical to or confusingly similar to the RooR Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods. The Counterfeit Goods REDFISH GAS AND GO has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and/or sold, is confusingly identical or similar to the RooR Marks Sream affixes to its water pipes. See comparison Exhibit "D" attached hereto.

27.     The Counterfeit Goods REDFISH GAS AND GO sells and offers for sale under the infringing marks are made of substantially inferior materials and inferior technology, as compared to genuine RooR brand products.

28.     Upon information and belief, REDFISH GAS AND GO has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold Counterfeit

Goods through its retail convenient store.

29. Upon information and belief, REDFISH GAS AND GO has marketed, advertised, and promoted its Counterfeit Goods through point of purchase displays, and/or its website, and/or via social media promotion.

30. Upon information and belief, REDFISH GAS AND GO offers for sale and sells Counterfeit Goods to a vast array of consumers ranging from the most sophisticated tobacco connoisseurs to novice tobacco smokers.

31. REDFISH GAS AND GO's above-identified infringing activities are likely to, and have caused, confusion, deception and mistake in the minds of consumers, the public and the trade before, during, and after the time of purchase.  Moreover, REDFISH GAS AND GO's wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Sream's genuine goods and REDFISH GAS AND GO's Counterfeit Goods - which there is not - and diverts potential sales of Sream's water pipes to REDFISH GAS AND GO.

32. Upon information and belief, REDFISH GAS AND GO is engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Sream's rights, for the purpose of trading on the goodwill and reputation of Sream, the Licensor, and/or the RooR Marks.

33. REDFISH GAS AND GO's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Sream, the Licensor, the RooR Marks, and to its valuable reputation and goodwill with the consuming public for which Sream has no adequate remedy at law.

34. As a proximate result of the unfair advantage accruing to REDFISH GAS AND

GO's business from deceptively trading on Sream and/or the Licensor's advertising, sales, and consumer recognition, REDFISH GAS AND GO has made and will continue to make profits and gains to which they are not in law or equity entitled.

35. The harm and damage sustained by Sream has been directly and proximately caused by REDFISH GAS AND GO's wrongful reproduction, use, advertisement, promotion, offers to sell, and/or sale of their Counterfeit Goods.

36. REDFISH GAS AND GO sale of Counterfeit Goods has resulted in lost business opportunities, customers, contracts, and sales to Sream.

37. Upon information and belief, REDFISH GAS AND GO is conducting and targeting its counterfeiting and infringing activities toward consumers and causing harm, within this district and elsewhere throughout the United States. As a result, REDFISH GAS AND GO is defrauding Sream and the consuming public for REDFISH GAS AND GO's own benefit.

38. The sale of counterfeit products by REDFISH GAS AND GO has resulted in lost profits to Sream, caused considerable damage to the goodwill of Sream and the RooR Marks, and diminished the brand recognition of the RooR Marks by introducing counterfeit products into the marketplace.

39. The spurious marks or designations used by REDFISH GAS AND GO in commerce in connection with the advertisement, promotion, sale, offering for sale and/or distribution of water pipes, are identical with, or substantially indistinguishable from, the RooR Marks on goods covered by the RooR Marks. Such use therefore creates a false affiliation between REDFISH GAS AND GO and Sream and/or the Licensor, and the RooR Marks.

40. REDFISH GAS AND GO's wrongful acts will continue unless enjoined by the Court. Accordingly, REDFISH GAS AND GO must be restrained and enjoined from any further

counterfeiting or infringement of the RooR Marks.

## Count One

### Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114

41. Sream repeats and realleges paragraphs 1 through 40 hereof, as if fully set forth herein.

42. The Licensor is the legal owner of the federally registered RooR Marks as set forth in more detail above. The Licensor granted to Sream, an exclusive license to use the RooR Marks in the United States and has also granted to Sream the Enforcement Rights to obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

43. The RooR Marks are valid, protectable and distinctive trademarks that the Licensor has continuously used to promote its goods for almost two decades, of which Sream has participated in since at least 2013. Sream is informed and believes and thereon alleges that a substantial segment of the relevant purchasing public recognizes the RooR Marks as originating from and/or approved by the Licensor and/or its exclusive U.S. licensee Sream.

44. REDFISH GAS AND GO's unauthorized use of the RooR Marks on and in connection with REDFISH GAS AND GO's sale, offers for sale, distribution, promotion and advertisement of water pipes through its retail store constitutes REDFISH GAS AND GO's use of the RooR Marks in commerce.

45. Upon information and belief, REDFISH GAS AND GO has used the RooR Marks, knowing of Sream's exclusive right to use the Roor Marks in the United States, in connection with REDFISH GAS AND GO's advertisement, promotion, sale, offering for sale and distribution of water pipes.

46. REDFISH GAS AND GO's activities create the false and misleading impression

that REDFISH GAS AND GO is sanctioned, assigned, or authorized by Sream or the Licensor to use the RooR Marks to advertise, manufacture, distribute, offer for sale or sell water pipes bearing the RooR Marks when REDFISH GAS AND GO is not so authorized. As described *supra*, and as shown in Exhibits "C" and "D," REDFISH GAS AND GO sold a counterfeit water pipe bearing one or more of the RooR Marks, or a mark substantially similar or identical thereto.

47. Upon information and belief, REDFISH GAS AND GO engaged in the aforementioned activity with the intent to confuse and deceive the public into believing that REDFISH GAS AND GO and the water pipes it sells are in some way originated with, sponsored by, affiliated or associated with Sream or the Licensor, when in fact it is not.

48. REDFISH GAS AND GO's use of one or more of the RooR Marks was without the consent of Sream or the Licensor, and is likely to cause confusion or mistake in the minds of the public and, in particular, tends to, and does, falsely create the impression that the water pipes advertised, promoted, distributed, offered for sale, or sold by REDFISH GAS AND GO originated with, are authorized, sponsored or approved by Sream or the Licensor when, in fact, it is not.

49. Upon information and belief, REDFISH GAS AND GO has committed the foregoing acts of infringement with full knowledge of Sream's prior rights in the RooR Marks and with the willful intent to cause confusion and trade on the goodwill of Sream and the RooR Marks.

50. REDFISH GAS AND GO's unauthorized use of the RooR Marks has resulted in REDFISH GAS AND GO unfairly benefiting from Sream's advertising and promotion, and profiting from the reputation of Sream and the RooR Marks, and causing immediate and irreparable harm and injury to Sream, and to the RooR Marks's goodwill and reputation, and will

continue to both damage Sream and confuse the public unless enjoined by this court.

51. REDFISH GAS AND GO's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52. REDFISH GAS AND GO's actions constitute the use by REDFISH GAS AND GO of one or more "counterfeit mark" as defined in 15 U.S.C. § 1116(d)(1)(B).

53. By reason of the foregoing, Sream is entitled to injunctive relief prohibiting REDFISH GAS AND GO from using the RooR Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from REDFISH GAS AND GO all damages, including attorneys' fees that Sream has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by REDFISH GAS AND GO as a result thereof, in an amount not yet known, as well as the costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1117(a), treble damages pursuant to 15 U.S.C. § 1117(b), and/or Sream reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

**Count Two**

**Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)**

54. Sream repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. Sream is informed and believes and thereon alleges that the RooR Marks have become associated in the minds of consumers with Sream and/or the Licensor, and RooR-branded products.

56. REDFISH GAS AND GO's unauthorized use in commerce of the RooR Marks as alleged herein, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation

of REDFISH GAS AND GO's goods, and is likely to cause consumers to believe, contrary to fact, that REDFISH GAS AND GO's goods are sold, authorized, endorsed, or sponsored by Sream or the Licensor, or that REDFISH GAS AND GO is in some way affiliated with or sponsored by Sream or the Licensor. As described *supra*, and as shown in Exhibits "C" and "D," REDFISH GAS AND GO sold a counterfeit water pipe bearing one or more of the RooR Marks or a mark substantially similar, or identical, thereto.

57. REDFISH GAS AND GO's unauthorized use of the RooR Marks on and in connection with REDFISH GAS AND GO's sale, offers for sale, distribution, promotion and advertisement of water pipes through its retail store constitutes REDFISH GAS AND GO's use of the RooR Marks in commerce.

58. Upon information and belief, REDFISH GAS AND GO's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of REDFISH GAS AND GO, with Sream, the Licensor, or the RooR Marks.

59. REDFISH GAS AND GO's unauthorized use in commerce of the RooR Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

60. REDFISH GAS AND GO's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61. Upon information and belief, as a proximate result of REDFISH GAS AND GO's false designation of origin of the water pipes sold by REDFISH GAS AND GO, Sream has been damaged and deprived of substantial sales of its water pipes, and has been deprived of the value of its goodwill in the RooR Marks as commercial assets, in amounts to be established according

to proof.

62. REDFISH GAS AND GO's conduct as alleged herein is causing immediate and irreparable harm and injury to Sream, and to the goodwill and reputation of the RooR Marks, and will continue to both damage Sream and confuse the public unless enjoined by this court. Sream has no adequate remedy at law.

63. Sream is entitled to, among other relief, injunctive relief and an award of actual damages, REDFISH GAS AND GO's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Sream, Inc., a California Corporation, respectfully requests the following relief against REDFISH GAS AND GO as follows:

a. Entry of temporary, preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, enjoining REDFISH GAS AND GO, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the RooR Marks; from using the RooR Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark or trade dress that may be calculated to falsely advertise the services or products of REDFISH GAS AND GO as being sponsored by, authorized by, endorsed by, or in any way associated with Sream; from falsely representing themselves as being connected with Sream, through sponsorship or association, or engaging in any act that is likely to falsely cause

members of the trade and/or of the purchasing public to believe any goods or services of REDFISH GAS AND GO are in any way endorsed by, approved by, and/or associated with Sream; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the RooR Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by REDFISH GAS AND GO; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent REDFISH GAS AND GO's goods as being those of Sream, or in any way endorsed by Sream and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the RooR name or the RooR Marks; and from otherwise unfairly competing with Sream.

      b.     Entry of an order requiring REDFISH GAS AND GO to account to and pay Sream for all profits and damages resulting from REDFISH GAS AND GO's trademark counterfeiting and infringing activities and that the award to Sream be trebled, as provided for under 15 U.S.C. §1117, or, at Sream's election with respect to Count I, that Sream be awarded statutory damages from REDFISH GAS AND GO in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

      c.     Pursuant to 15 U.S.C. § 1116(a), directing REDFISH GAS AND GO to file with the court and serve on Sream within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which REDFISH GAS AND GO has complied with the injunction;

      d.     For an order form the Court requiring that REDFISH GAS AND GO provide complete accountings and for equitable relief, including that REDFISH GAS AND GO disgorge

and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if REDFISH GAS AND GO had complied with their legal obligations, or as equity requires;

e. For an order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in REDFISH GAS AND GO's possession, which rightfully belong to Sream;

f. Pursuant to 15 U.S.C. § 1118 requiring that REDFISH GAS AND GO and all others acting under REDFISH GAS AND GO's authority, at its cost, be required to deliver up to Sream for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the RooR Marks;

g. For treble damages suffered by Sream as a result of the willful and intentional infringements engaged in by REDFISH GAS AND GO, under 15 U.S.C. § 1117(b);

h. For damages in an amount to be proven at trial for unjust enrichment;

i. Entry of an award of Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

j. For all costs of suit;

k. Entry of an award of pre-judgment interest on the judgment amount.

l. Entry of an order for any further relief as the Court may deem just and proper.

Dated: August 24, 2017

Respectfully submitted,
**BEZOU LAW FIRM**

　　/s/ Jacques F. Bezou, Jr.
Jacques F. Bezou, Jr. (33728)
Erica A. Hyla (34603)
534 E. Boston Street
Covington, LA 70433
Telephone: (985) 892-2111
Facsimile: (985) 892-1413
jb2@bezou.com